IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA OBREMSKI

     Plaintiff,                     Case No:

vs.

SPRINGLEAF FINANCIAL
SERVICES, INC.,

     Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Springleaf Financial Services of Florida, Inc. ("Springleaf"), incorrectly named as Springleaf Financial Services, Inc., responds to the complaint filed by Plaintiff Maria Obremski ("Plaintiff") as follows:

### Jurisdiction and Venue

1.     Without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and they are, therefore, denied.

2.     Admitted for jurisdictional purposes only, otherwise denied.

### Facts Common to All Counts

3.     Without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and they are, therefore, denied.

4.     The document referenced in Paragraph 4 and attached to the Complaint as Exhibit B speaks for itself; otherwise, denied.

5.     Denied.

6.     Denied.

7.      The document referenced in Paragraph 7 and attached to the Complaint as Exhibit B speaks for itself; otherwise Springleaf is without sufficient knowledge or information as to the truth of the allegations in Paragraph 7 of the Complaint and they are, therefore, denied.

8.      Denied.

9.      The document referenced in Paragraph 9 and attached to the Complaint as Exhibit C speaks for itself; otherwise Springleaf is without sufficient knowledge or information as to the truth of the allegations in Paragraph 9 of the Complaint and they are, therefore, denied.

10.     Springleaf admits its representative sent the letter referenced in Paragraph 10 and attached to the Complaint as Exhibit D, and avers that the document speaks for itself.

## Count I
## Violations of the FCCPA by Springleaf

11.     Springleaf re-alleges and incorporates its responses to paragraphs 1 through 10, as if fully set forth herein.

12.     Denied.

In response to the unnumbered paragraph beginning with the word "WHEREFORE" following Paragraph 12 of the Complaint, Springleaf denies any allegations contained therein and specifically denies that Plaintiff is entitled to any judgment against, or relief whatsoever from, Springleaf.

## Count II
## Violations of the FCRA by Springleaf

13.     Springleaf re-alleges and incorporates its responses to paragraphs 1 through 10, as if fully set forth herein.

14.     Paragraph 14 contains conclusions of law to which no response is required.  To the extent a response is required, Springleaf admits that from to time it provides information on certain debtors to certain entities involved in credit reporting; otherwise, denied.

15.     Denied, including each of its subparts.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

In response to the unnumbered paragraph beginning with the word "WHEREFORE" following Paragraph 19 of the Complaint, Springleaf denies any allegations contained therein and specifically denies that Plaintiff is entitled to any judgment against, or relief whatsoever from, Springleaf.

**Count III**
**Violations of the TCPA by Springleaf**

20.     Springleaf re-alleges and incorporates its responses to paragraphs 1 through 10, as if fully set forth herein.

21.     Denied.

In response to the unnumbered paragraph beginning with the word "WHEREFORE" following Paragraph 21 of the Complaint, Springleaf denies any allegations contained therein and specifically denies that Plaintiff is entitled to any judgment against, or relief whatsoever from, Springleaf.

**Jury Trial Demand**

To the extent a response is Required of Springleaf to the unnumbered paragraph under the heading "Jury Trial Demand," Springleaf denies that Plaintiff is entitled to a jury trial of the

Claims set forth in the Complaint inasmuch as Plaintiff has expressly waived her right to a jury trial and agreed to have her Claims resolved in binding arbitration.

## Defenses

Each and every allegation in Plaintiff's Complaint which is not herein specifically and unequivocally admitted is hereby denied.

### First Defense

Plaintiff is bound to arbitrate, not litigate, her claims against Springleaf. Plaintiff's Claims are subject to arbitration under a binding arbitration agreement, and Plaintiffs is precluded from proceeding in a judicial forum, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

### Second Defense

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted because, among other reasons, the allegations in the Demand fail to set forth adequate support of a prima facie case based upon violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA").

### Third Defense

Plaintiff's claims are barred because any contact with Plaintiff was made in compliance with the FCCPA and the TCPA.

### Fourth Defense

To the extent that Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, or entities other than Springleaf.

### Fifth Defense

4

Plaintiff's claims are barred by Plaintiff's own intentional or unintentional misrepresentations or other conduct.

Sixth Defense

Plaintiff's claim for violations of the FCCPA and TCPA are barred because of the Plaintiff's consent.

Seventh Defense

Plaintiff's claims are barred because any alleged violations of the FCRA, FCCPA, or TCPA were not intentional and resulted from a bona fide error.

Eighth Defense

Plaintiff's claims are barred because Springleaf did not engage in any prohibited contact with Plaintiff.

Ninth Defense

Plaintiff's claims are barred by the parties' prior course of dealings and conduct.

Tenth Defense

Any potential recovery by Plaintiff is barred or must be reduced because Plaintiff failed to mitigate her damages, including her attorneys' fees and costs.

Eleventh Defense

At all times relevant to this action, Springleaf's actions were in good faith with regard to Plaintiff and Springleaf had reasonable grounds for believing those actions were not in violation of any law.

Twelfth Defense

This action may be barred in whole or in part by the statute of limitations.

Thirteenth Defense

5

Plaintiff's claims for violations of the TCPA and FCCPA are barred because Springleaf has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone communications in violation of their respective provisions and the regulations prescribed thereunder.

### Fourteenth Defense

Plaintiff's claim for violations of the TCPA is barred because Springleaf did not willfully or knowingly violate the regulations prescribed under the TCPA.

### Fifteenth Defense

Plaintiff's claim for violations of the TCPA is barred because of the Plaintiff's prior consent.

### Sixteenth Defense

Plaintiff's claim for violations of the TCPA are barred because of her established business relationship with Springleaf.

### Seventeenth Defense

Plaintiff's claims for violations of the TCPA are barred because any calls by Springleaf were made for debt-collection and/or commercial purposes and did not include or introduce any unsolicited advertisement or constitute a telephone solicitation.

### Eighteenth Defense

Plaintiff's right to recover from Springleaf, if any, is subject to setoff based on monies still owed to Springleaf by Plaintiff.

### Nineteenth Defense

Plaintiff's TCPA, FCRA, and FCCPA claims fail inasmuch as Plaintiff suffered no actual and/or cognizable injuries or damages in fact.

### Twentieth Defense

Plaintiff's claim for violations of the TCPA is barred because she cannot establish that she was charged for the alleged telephone calls.

### Twenty-First Defense

Plaintiff's claim for violations of the TCPA is barred in whole or in part pursuant to the equitable defenses of acquiescence, waiver, and/or estoppel.

### Twenty-Second Defense

Plaintiff's claim for violations of the FCRA is barred because Springleaf has accurately reported Plaintiff's account.

### Twenty-Third Defense

Plaintiff is barred and estopped to seek recovery of the damages sought in the Complaint to the extent such damages were caused by the actions of Plaintiff, herself, or were the result of Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Springleaf.

### Twenty-Fourth Defense

Springleaf acted at all times in compliance with the FCRA, FCCPA, and TCPA.

### Twenty-Fifth Defense

Certain of the damages sought by Plaintiff, including without limitation, damages for mental and emotional pain and anguish, humiliation and embarrassment, are barred by the impact rule.

### Twenty-Sixth Defense

Plaintiff has failed to state a claim for exemplary or punitive damages. An award of such damages would violate the Due Process, Equal Protection, and Excessive Fines clauses of the

7

constitutions of the United States of America and the State of Florida.

### Twenty-Seventh Defense

To the extent Plaintiffs seek punitive damages, Springleaf specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such awards which arose by virtue of the Unites States Supreme Court decisions of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *State Farm v. Campbell*, 538 S. Ct. 408 (2003) and their progeny.

### Twenty-Eighth Defense

No act of Springleaf was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Twenty-Ninth Defense

Any claim for punitive damages cannot be sustained because an award of punitive damages under Florida law without affording Springleaf protections similar to those that are accorded to criminal defendants, including, but not limited to, the protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments and compelled self-incrimination, and the right to confront adverse witnesses, to compulsory process for favorable witnesses, and to the effective assistance of counsel, would violate Springleaf's rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution.

### Thirtieth Defense

To the extent that Plaintiffs seek punitive damages, such a claim fails because Plaintiffs cannot prove Springleaf's alleged liability for punitive damages and the appropriate amount of

8

any such punitive damages award by clear and convincing evidence, and therefore, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

### Reservation of Rights

Springleaf intends to rely upon such other and further defenses that may become apparent during this action. Accordingly, Springleaf reserves the right to amend and/or supplement its Answer to assert said defenses.

Respectfully submitted,

Noel Boeke
*Trial Counsel*
Florida Bar 151830
noel.boeke@hklaw.com
Carly Cohen
Florida Bar No. 68512
carly.cohen@hklaw.com
Michael P. Maguire
Florida Bar No. 84449
michael.maguire@hklaw.com
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601-1288
Telephone: 813-227-8500
Facsimile: 813-229-0134
Counsel for Springleaf Financial Services of Florida, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 18, 2012, I provided a true and correct copy of the foregoing by the U.S. Mail and facsimile to:

Robert A. Friedman, Esq.
Joel A. Brown, Esq.
Fair Credit Law Group, LLC
2541 SW 27th Avenue
Suite 300
Miami, FL 33133

_____
Attorney

10