UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA OBREMSKI,

    Plaintiff,

v.                              Case No.: 8:12-cv-1594-T-33AEP

SPRINGLEAF FINANCIAL SERVICES,
INC.,

    Defendant.
_____/

**<u>ORDER</u>**

    This cause comes before the Court pursuant to Defendant Springleaf Financial Services of Florida, Inc.'s Motion to Compel Arbitration and Stay Litigation (Doc. # 4), filed on July 18, 2012. Plaintiff Maria Obremski did not file a Response to the Motion and the time to do so has elapsed. For the reasons set forth below, the Motion is granted and this case will be stayed and administratively closed pending the alternative dispute resolution process.

**I.  <u>Background</u>**

    Springleaf is in the business making loans to consumers for purchases of tangible goods, such as furniture. Springleaf has retail financing relationships with a variety of consumer retail dealers to facilitate financing for retail transactions, including open-ended revolving credit sales and

1

closed-end credit sale agreements. Consumers financing purchases with one of Springleaf's dealers complete a Springleaf application for a retail installment transaction. If the application is approved and the consumer consummates the purchase on financed terms, the dealer assigns the retail installment transaction to Springleaf.

On January 26, 2008, Obremski executed a credit application and entered into a Retail Charge Agreement with Matter Brothers Furniture, a Springleaf dealer. (Doc. # 4 at 18-19). Among other provisions, the Retail Charge Agreement includes an agreement between the parties to arbitrate certain claims. (Id. at 19).

Obremski filed suit in state court on June 20, 2012, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55-559.785. (Doc. # 2). Springleaf removed the case to this Court on July 18, 2012 (Doc. # 1) and filed the instant Motion. Springleaf argues that, by virtue of the Retail Charge Agreement, Obremski agreed that all disputes between the parties would be governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq.

2

II.  __Legal Standard__

Under the Federal Arbitration Act (FAA), a written agreement to arbitrate in "a contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "[U]pon being satisfied that the issue involved . . . is referable to arbitration under such an agreement, [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

Section 4 of the FAA provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. Thus, a district court must compel arbitration and stay the underlying action if the parties had an earlier agreement to arbitrate their dispute. 9 U.S.C. § 3; see John B. Goodman Ltd. P'ship v. THF Constr., Inc., 321 F.3d 1094, 1095 (11th Cir. 2003) ("[A] district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.").

There is a strong federal policy supporting arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The purpose behind the FAA is to "ensure judicial enforcement of privately made agreements to

arbitrate." <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 219 (1985). As such, the courts must "rigorously enforce" agreements to arbitrate. <u>Id.</u> at 221.

"The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." <u>Moses</u>, 460 U.S. at 24-25. However, "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." <u>Klay v. Pacificare Health Sys., Inc.</u>, 389 F.3d 1191, 1200 (11th Cir. 2004). Questions of whether or not a party has agreed to arbitrate a claim are questions for the court. <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 943 (1995).

A federal court must undertake a two-step inquiry when considering a motion to compel arbitration. <u>Klay</u>, 389 F.3d at 1200. First, it must determine whether the parties agreed to arbitrate the claims at issue. <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626-28 (1985). If the Court finds that the parties agreed to arbitrate the claims, it must then determine "whether legal constraints

4

external to the parties' agreement foreclosed the arbitration of those claims." <u>Id.</u> at 628.

### III. <u>Analysis</u>

As an initial matter, the Court notes that Obremski did not respond to the Motion within the fourteen-day time limit set forth in Local Rule 3.01(b). Failure to respond to a motion creates an assumption that the motion is unopposed. <u>Freshwater v. Shiver</u>, No. 6:05-cv-758-ORL-19DAB, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

Moving to the merits of the Motion, the Court first turns to the issue of whether the parties agreed to arbitrate.  The Retail Charge Agreement contains a broad arbitration clause that states, in part:

> **ARBITRATION PROVISIONS:** Except as provided below, either you or your Creditor may choose that any claim or dispute between the parties or any claim, dispute, or controversy involving you and any other party arising from or relating to this agreement, including the validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration.

(Doc. # 4 at 19). The Agreement further states: **"YOU UNDERSTAND THAT YOU ARE VOLUNTARILY WAIVING YOUR RIGHT TO A JURY TRIAL OR JUDGE TRIAL FOR SUCH DISPUTES."** (Id., emphasis in original). The Court finds that by signing the Agreement

Obremski expressed her clear intent to be bound by the terms of the arbitration provision.

Next, the Court must determine whether the parties' dispute is subject to the arbitration provision, as Springleaf contends. In determining whether a claim falls within the reach of the parties' arbitration agreement, a court will examine the factual allegations of the complaint rather then the "legal labels" of the causes of action asserted. <u>Gregory</u> <u>v. Electro-Mechanical Corp.</u>, 83 F.3d 382, 384 (11th Cir. 1996).

Here, the Court finds that Obremski's claims "arise from" or "relate to" the Agreement, as they are all based upon allegations pertaining to amounts owed under the Agreement, Springleaf's reporting of the amounts owed under the Agreement, or Springleaf's collections efforts for the amount owed under the Agreement. Accordingly, the Court finds that the prescribed arbitration process is appropriate.

After a careful review of the record and the arguments presented, the Court determines that the arbitration provision of the Retail Charge Agreement encompasses all of the claims of this case. Finding no legal constraints to foreclose arbitration, the Court concludes that arbitration is now appropriate, and this case will be stayed and administratively

closed pending the completion of the alternative dispute resolution process.

## IV.   **Choice of Arbitrator**

The Agreement names the National Arbitration Forum (NAF) to hear this dispute. However, the NAF ceased administering consumer arbitration disputes on July 24, 2009. Springleaf requests this Court to appoint either the American Arbitration Association (AAA) or Judicial Arbitration and Mediation Services, Inc. (JAMS) as the arbitral forum to administer arbitration of this dispute.

Section 5 of the FAA specifically provides that in circumstances such as these the court shall appoint an alternate arbitrator. Furthermore, the Eleventh Circuit has held that absent a showing that the choice of arbitrator was integral to the agreement to arbitrate, a court should appoint a substitute arbitrator pursuant to Section 5 of the FAA. Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000).

The Court finds nothing in the arbitration provision of the Agreement to suggest that the choice of NAF as the arbitration forum was an integral part of the agreement to arbitrate. Accordingly, the Court designates either AAA or JAMS as a substitute arbitration forum.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant's Motion to Compel Arbitration of Plaintiff's Complaint and Stay Litigation (Doc. # 4) is **GRANTED**.

(2)  The Court appoints either the American Arbitration Association or Judicial Arbitration and Mediation Services, Inc. as the arbitral forum to administer arbitration of this dispute.

(3)  This case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.

(4)  The parties shall file a joint status report with this Court every ninety days until this matter is resolved.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of August, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

8